**GREENBERG TRAURIG, LLP**

Rose Cordero Prey (Bar No. 886449)
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: *PreyR@gtlaw.com*

Sabina A. Vayner (*pro hac vice to be filed*)
3333 Piedmont Road NE, Suite 2500
Terminus 200
Atlanta, Georgia 30305
Telephone: (678) 553-2409
Facsimile: (678) 553-2256
Email: *VaynerS@gtlaw.com*

*Attorneys for Defendants*
*Victoria's Secret & Co. and Victoria's Secret*
*Stores Brand Management, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL MEDINA, | ) |
| Plaintiff/Counterclaim Defendant, | ) Civ. Action No. 1:21-cv-06983 |
| v. | ) |
| VICTORIA'S SECRET & CO. and VICTORIA'S SECRET STORES BRAND MANAGEMENT, LLC, | ) **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |
| Defendants/Counterclaim Plaintiffs. | ) |

Defendants Victoria's Secret & Co. ("VSCO") and Victoria's Secret Stores Brand Management, LLC ("VSSBM") (collectively, "VS")[1] respectfully submit their Answer and

---

[1] Defendant VSCO was served with the Complaint and Summons for this action on September 13, 2021. As of the date of this filing, Defendant VSSBM has not yet been served in connection with this action. Defendant VSSBM therefore reserves, and expressly does not waive, any and all rights

Affirmative Defenses to the Complaint (Dkt. No. 1) filed by Plaintiff Michael Medina ("Plaintiff" or "Medina"). Except as otherwise expressly admitted, VS denies each and every allegation contained in the Complaint.

For the avoidance of doubt, all headings in this Answer are identical to those stated in the Complaint for the sake of clarity only, and VS denies each and every allegation contained in the Complaint headings, except as otherwise expressly admitted.

## NATURE OF THE ACTION

1. VS denies the allegations contained in Paragraph 1.

## JURISDICTION AND VENUE

2. VS admits that this Court has subject matter jurisdiction over this action.

3. VS does not challenge the Court's personal jurisdiction in this action. VS denies the remaining allegations contained in Paragraph 3.

4. VS does not challenge the venue of this action. VS denies the remaining allegations contained in Paragraph 4.

## THE PARTIES

5. VS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and, therefore, denies those allegations.

6. VS admits that VSCO is a Delaware corporation and that it maintains a place of business at 1740 Broadway, New York, New York 10019.

7. VS admits that VSSBM is a Delaware limited liability company and that it maintains a place of business at 1740 Broadway, New York, New York 10019.

---

and defenses it may have, including but not limited to VSSBM's right to object to Medina's failure to serve the Complaint and Summons on VSSBM.

**FACTS**

8. VS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and, therefore, denies those allegations.

9. VS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, denies those allegations.

10. VS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and, therefore, denies those allegations.

11. VS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, denies those allegations.

12. VS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, denies those allegations.

13. VS admits that the online records of the U.S. Patent and Trademark Office ("USPTO") show that the USPTO issued a Certificate of Registration for the ONPOINT mark to Medina on November 6, 2018, with the registration encompassing "bandanas; crew neck sweaters; headgear, namely, hats and caps; hooded sweat shirts; short-sleeved or long-sleeved t-shirts; sweaters; t-shirts; v-neck sweaters" in Class 25 (Registration No. 5598253), and further states that the TSDR records of the USPTO speak for themselves.

14. VS admits that the online records of the USPTO show that the USPTO issued a Certificate of Registration for the ONPOINT mark to Onpoint Clothing, Inc. on May 8, 2001 (Registration No. 2449760) and further states that this registration was cancelled on November 7, 2006 pursuant to Section 18 of the Trademark Act. VS also states that the TSDR records of the USPTO speak for themselves. VS lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in Paragraph 14 and, therefore, denies those allegations.

15. VS denies the allegations contained in Paragraph 15.

16. VS admits that VSCO began advertising and selling various athleisure products in connection with its ON POINT COLLECTION mark in or around late July 2021.

17. VS denies the allegations contained in Paragraph 17.

18. VS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies those allegations.

19. VS denies the allegations contained in Paragraph 19.

20. VS denies the allegations contained in Paragraph 20.

21. VS denies the allegations contained in Paragraph 21.

22. VS denies the allegations contained in Paragraph 22.

23. VS denies the allegations contained in Paragraph 23.

24. VS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies those allegations.

25. VS denies the allegations contained in Paragraph 25.

26. VS denies the allegations contained in Paragraph 26.

27. VS admits that VSSBM applied to register the ON POINT mark with the USPTO on June 30, 2021 (Application Serial No. 90803422), and further states that the TSDR records of the USPTO speak for themselves.

**FIRST CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)**

28. VS repeats and incorporates by reference the responses contained in Paragraphs 1-27 above.

29. VS denies the allegations contained in Paragraph 29.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

30. VS repeats and incorporates by reference the responses contained in Paragraphs 1-29 above.

31. VS denies the allegations contained in Paragraph 31.

32. VS denies the allegations contained in Paragraph 32.

33. VS denies the allegations contained in Paragraph 33.

34. VS denies the allegations contained in Paragraph 34.

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

35. VS repeats and incorporates by reference the responses contained in Paragraphs 1-34 above.

36. VS denies the allegations contained in Paragraph 36.

37. VS denies the allegations contained in Paragraph 37.

38. VS denies the allegations contained in Paragraph 38.

39. VS denies the allegations contained in Paragraph 39.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

40. VS repeats and incorporates by reference the responses contained in Paragraphs 1-39 above.

41. VS denies the allegations contained in Paragraph 41.

42. VS denies the allegations contained in Paragraph 42.

**PRAYER FOR RELIEF**

VS denies that Medina is entitled to any relief in this action. The prayer for relief on pages 7-8 of the Complaint consists of statements and conclusions of law to which no response is required. To the extent any response may be required, VS denies the allegations and relief requested on pages 7-8 of the Complaint.

**DEMAND FOR JURY TRIAL**

In his Complaint, Medina demands a trial by jury. At this stage of the litigation, VS does not yet possess the information necessary to determine whether or not Medina is entitled to a trial by jury and therefore expressly reserves all rights to object to Medina's jury trial demand during and following discovery in this action.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**
*(Failure to State a Valid Claim)*

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted because, among other reasons, Medina has no legitimate trademark rights in the ONPOINT mark.

**Second Affirmative Defense**
*(Abandonment – No Use in Commerce)*

Medina's claims are barred, in whole or in part, because, in accordance with the relevant provision of 15 U.S.C. § 1127, Medina has abandoned his purported rights in the ONPOINT mark. Specifically, VS conducted an investigation, reasonable in scope, concerning Medina's past and current use of the ONPOINT mark, including use in interstate commerce in connection with "bandanas; crew neck sweaters; headgear, namely, hats and caps; hooded sweat shirts; short-sleeved or long-sleeved t-shirts; sweaters; t-shirts; v-neck sweaters." Medina has discontinued and is not currently using the ONPOINT mark in interstate commerce in connection with the goods

recited in the Complaint and the goods encompassed by Registration No. 5598253. Medina furthermore has not used the ONPOINT mark in interstate commerce for at least the past three years and has no *bona fide* intent to resume his use of the ONPOINT mark in interstate commerce.

### Third Affirmative Defense
*(Abandonment – Failure to Enforce)*

Medina's claims are barred, in whole or in part, because Medina has abandoned his purported rights in the ONPOINT mark as a result of Medina's failure to police and enforce against third-party uses of the terms "on point" and "onpoint" in connection with clothing, footwear, and related goods and services.

### Fourth Affirmative Defense
*(Unclean Hands)*

Medina's claims are barred, in whole or in part, by the doctrine of unclean hands. Specifically, Medina filed his Complaint against VS with full knowledge of the fact that he is not currently using, and has not for at least the past three years used, the ONPOINT mark in interstate commerce. The Complaint therefore was filed for improper purposes and in contravention of the fact that Medina has no enforceable rights in the ONPOINT mark on which his Complaint is based.

VS reserves the right to assert any other affirmative defenses during and following discovery in this action.

WHEREFORE, VS prays that the Complaint be dismissed in its entirety, and that this Court award VS its costs and reasonable attorneys' fees in defending against the Complaint and Medina's claims in this action, and award such other and further relief to which VS may be justly entitled.

### COUNTERCLAIM

Counterclaim Plaintiffs Victoria's Secret & Co. ("VSCO") and Victoria's Secret Stores Brand Management, LLC ("VSSBM") (collectively, "VS") are damaged by the continued

registration of the ON POINT mark that is the subject of Registration No. 5598253 and state the following for their Counterclaim against Counterclaim Defendant Michael Medina ("Medina"):

## THE PARTIES

1. Counterclaim Plaintiff VSCO is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at Four Limited Parkway, Reynoldsburg, Ohio 43068.

2. Counterclaim Plaintiff VSSBM is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at Four Limited Parkway, Reynoldsburg, Ohio 43068.

3. Counterclaim Defendant Medina is an individual with an address at 65 Columbia Street, Suite 15K, New York, New York 10002.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Medina because Medina filed his Complaint in this District and thus purposefully availed himself of the Court's personal jurisdiction. Additionally, Medina is a resident of the State of New York, transacts business in this State, and derives substantial revenue or engages in a persistent course of conduct in this State.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Medina filed his Complaint in this District and thus consented to venue in this Court and because Medina resides in this District.

**COUNT I**
**Cancellation of the ONPOINT Registration**
**(15 U.S.C. § 1119)**

7. VS repeats and incorporates by reference the allegations contained in Paragraphs 1-6 above.

8. The online records of the U.S. Patent and Trademark Office ("USPTO") show that Medina applied to register the ONPOINT mark with the USPTO on August 27, 2014 (Application Serial No. 86379155) (the "Application").

9. At the time of its filing, the Application encompassed "bandanas; crew neck sweaters; headgear, namely, hats and caps; hooded sweat shirts; short-sleeved or long-sleeved t-shirts; sweaters; t-shirts; v-neck sweaters" in Class 25 and claimed a date of first use and first use in commerce of April 1995.

10. On November 6, 2018, the USPTO issued a Certificate of Registration to Medina for the ONPOINT mark for "bandanas; crew neck sweaters; headgear, namely, hats and caps; hooded sweat shirts; short-sleeved or long-sleeved t-shirts; sweaters; t-shirts; v-neck sweaters" in Class 25 (Registration No. 5598253) (the "Registration").

11. The Complaint filed by Medina references the Registration and relies on the Registration in asserting claims against VS.

12. VS conducted an investigation, reasonable in scope, concerning Medina's past and current use of the ONPOINT mark, including use in interstate commerce in connection with "bandanas; crew neck sweaters; headgear, namely, hats and caps; hooded sweat shirts; short-sleeved or long-sleeved t-shirts; sweaters; t-shirts; v-neck sweaters."

13. On information and belief, Medina is not currently using the ONPOINT mark in interstate commerce in connection with "bandanas; crew neck sweaters; headgear, namely, hats

and caps; hooded sweat shirts; short-sleeved or long-sleeved t-shirts; sweaters; t-shirts; v-neck sweaters."

14. On information and belief, to the extent Medina may have ever used the ONPOINT mark in interstate commerce in connection with the goods encompassed by the Registration, Medina has discontinued his use of the ONPOINT mark in connection with the recited goods.

15. On information and belief, Medina has not used the ONPOINT mark in interstate commerce in connection with the goods encompassed by the Registration for at least the past three years.

16. On information and belief, Medina does not have a *bona fide* intent to resume his use of the ONPOINT mark in interstate commerce in connection with any of the goods recited in the Registration.

17. Medina therefore has abandoned whatever rights he may have previously had in the ONPOINT mark.

18. Accordingly, the Registration should be cancelled in its entirety pursuant to 15 U.S.C. § 1119 and this Court's authority.

19. VS is suffering ongoing damage as a result of the continued existence of the Registration and will continue to be damaged if Medina is permitted to maintain the Registration.

## PRAYER FOR RELIEF

WHEREFORE, VS prays that:

1. The Court order Registration No. 5598253 to be cancelled pursuant to 15 U.S.C. § 1119.

2. The Court declare this case exceptional and require Medina to pay to VS the costs of this action and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117(a) and other applicable laws.

3. VS have such other and further relief as the Court may deem just and proper.

This 4th day of October, 2021.

    Respectfully submitted,

*/s/ Rose Cordero Prey*
Rose Cordero Prey (Bar No. 886449)
**GREENBERG TRAURIG, LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: *PreyR@gtlaw.com*

Sabina A. Vayner (*pro hac vice to be filed*)
**GREENBERG TRAURIG, LLP**
3333 Piedmont Road NE, Suite 2500
Terminus 200
Atlanta, Georgia 30305
Telephone: (678) 553-2409
Facsimile: (678) 553-2256
Email: *VaynerS@gtlaw.com*

*Attorneys for Defendants*
*Victoria's Secret & Co. and Victoria's Secret*
*Stores Brand Management, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL MEDINA, ) <br> ) <br> Plaintiff/Counterclaim Defendant, ) <br> ) <br> v. ) <br> ) <br> VICTORIA'S SECRET & CO. and ) <br> VICTORIA'S SECRET STORES ) <br> BRAND MANAGEMENT, LLC, ) <br> ) <br> Defendants/Counterclaim Plaintiffs. ) | Civ. Action No. 1:21-cv-06983 <br><br> **ANSWER,** <br> **AFFIRMATIVE DEFENSES,** <br> **AND COUNTERCLAIM** |

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing **Answer, Affirmative Defenses, and Counterclaim** was filed electronically using the CM/ECF system on October 4, 2021 and served on the following via U.S. Mail:

Michael Medina
65 Columbia Street
Apartment 15K
New York, NY 10002

                                         */s/ Rose Cordero Prey*
                                         Rose Cordero Prey (Bar No. 886449)