```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/26/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL MEDINA,

                Plaintiff and
                Counter-Defendant,

-against-

VICTORIA'S SECRET & CO. and
VICTORIA'S SECRET STORES BRAND
MANAGAMENT LLC,

                Defendants and
                Counter-Claimants.

1:21-cv-6983-MKV

**ORDER SETTING ASIDE ENTRY OF DEFAULT**

MARY KAY VYSKOCIL, United States District Judge:

    *Pro se* Plaintiff Michael Medina commenced this lawsuit on August 19, 2021. [ECF No. 1]. Defendants Victoria's Secret & Co. and Victoria's Secret Stores Brand Management LLC timely filed an answer to Plaintiff's Complaint and asserted a counterclaim against Plaintiff. Following no action by either party for two months, the Court entered an order directing Plaintiff to answer or respond to the counterclaim, and directed Defendants to move for default judgment if he failed to do so. [ECF No. 5]. When Plaintiff did not answer or respond to the counterclaim, Defendants sought and obtained a certificate of default from the Clerk of the Court. [ECF No. 9]. Plaintiff then filed a letter stating that he was "never aware that any counterclaim was filed in this case" and was never "served with any legal documents . . . concerning any counterclaim." [ECF No. 10] ("Plaintiff's Letter"). Defendants responded to Plaintiff's letter and claimed that the counterclaim "was . . . properly served via first-class U.S. mail." [ECF No. 11] ("Defendants' Letter"). Thereafter, Plaintiff filed an answer to the counterclaim. [ECF No. 12] ("Answer").

1

The Court construes the *pro se* Plaintiff's Letter [ECF No. 10] as a Motion to Set Aside the Entry of Default. Federal Rule of Civil Procedure 55(c) provides that "the court may set aside an entry of default for good cause." Defaults are disfavored, and there is a strong "preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "[W]hen doubt exists as to whether a default should be . . . vacated, the doubt should be resolved in favor of the defaulting party." *Id*. For that reason, "good cause" is "construed generously." *Id*. Additionally, Courts apply a "less rigorous standard" when a motion to vacate concerns an entry of default pursuant to Rule 55(a), rather than a final default judgment. *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996).

The Court considers three criteria in determining whether "good cause" exists: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary, and (3) whether a meritorious defense is presented. *Enron Oil Corp.*, 10 F.3d at 96. No one factor is dispositive. *See Murray Eng'g, P.C. v. Windermere Props. LLC*, 2013 WL 1809637, at *4 (S.D.N.Y. Apr. 30, 2013).

Of the three factors, "willfulness carries the most weight." *See De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013). "Willfulness requires something more than mere negligence, such as egregious or deliberate conduct, although the degree of negligence in precipitating a default is a relevant factor to be considered." *Loop Prod. v. Capital Connections LLC*, 797 F. Supp. 2d 338, 346 (S.D.N.Y. 2011). Here, the entry of default was not the result of egregious or deliberate conduct. Plaintiff contends that he never received the Court's Order directing him to respond to Defendants' counterclaims, and did not receive a copy of Defendants' counterclaims, which he has now answered. Plaintiff therefore explains that any entry of default was the result of his unawareness of the Court's Order and the filed

counterclaims. *See Enron Oil Corp.*, 10 F.3d at 98 (doubts regarding willfulness should be resolved in non-movant's favor).

To be considered prejudicial, setting aside an entry of default must result in tangible harm beyond mere delay. "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir.1983) (internal quotation marks and citations omitted). Setting aside the entry of default would not prejudice Defendants. At this early stage, Defendants have not lost any evidence, nor will they be subjected to increased difficulties of discovery. The delay also has not provided Plaintiff a greater opportunity for fraud. Defendants do not argue to the contrary in their letter. *See generally* Defendants' Letter.

In his letter, Plaintiff does not assert any defenses to Defendants' counterclaim. *See* Plaintiffs' Letter. Plaintiff has, however, answered the counterclaim, denying the allegations contained therein. *See generally* Answer. "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98 (internal citations omitted).

In this case, the failure to assert a meritorious defense at this stage is not dispositive. The Court must construe Plaintiff's *pro se* submissions liberally and interpret them to raise the strongest arguments they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006). Any doubt as to whether the Court should vacate an entry of default must be resolved in Plaintiff's favor. *See Enron Oil Corp.*, 10 F.3d at 96.

Having considered the relevant factors, the Court concludes that Plaintiff demonstrates sufficient "good cause" to set aside the entry of default.

The Court therefore grants Plaintiff's Motion to Set Aside the Entry of Default. [ECF No. 10]. The Clerk of the Court respectfully is requested to vacate the entry of default. [ECF No. 9]. The Plaintiff is reminded that the Court may only communicate with a *pro se* party via mail, unless he consents to electronic service by following the instructions and completing the form attached to this Order.

By separate order, the Court will set an initial pre-trial conference in this matter. The Clerk of the Court respectfully is requested to send this order to the Plaintiff at the address of record.

**SO ORDERED.**

Date:  April 26, 2022
New York, NY

*[signature: Mary Kay Vyskocil]*
**MARY KAY VYSKOCIL**
**United States District Judge**



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

**IMPORTANT NOTICE**

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

**PRO SE INTAKE WINDOW LOCATIONS:**
40 FOLEY SQUARE | NEW YORK, NY  10007
300 QUARROPAS STREET | WHITE PLAINS, NY  10601

**MAILING ADDRESS:**
500 PEARL STREET | NEW YORK, NY  10007
PRO SE INTAKE UNIT: 212-805-0136

rev. 3/5/21

## CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

| | | | |
|---|---|---|---|
| Address | City | State | Zip Code |

| | |
|---|---|
| Telephone Number | E-mail Address |

| | |
|---|---|
| Date | Signature |

**Click Here to Save**